# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAKOTA CLAY AHLGRIM,

      Plaintiff,

vs.                                              No. CV 19-00593 WJ/JFR

BRIAN WEST,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint") filed by Plaintiff Dakota Clay Ahlgrim on June 27, 2019.  (Doc. 1).  The Court will dismiss the Complaint without prejudice for failure to comply with a Court order and failure to prosecute.

The record reflects that certain mailings to Plaintiff Dakota Clay Ahlgrim were returned as undeliverable. ( Doc. 8).  The Court's research indicates that Plaintiff Ahlgrim has been released from the San Juan County Adult Detention Center.  It appears that Plaintiff has been transferred or released from custody without advising the Court of his new address, as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court.

The Court issued an Order to Show Cause on March 30, 2020, directing Plaintiff Ahlgrim to notify the Court of a new address, or otherwise show cause why the case should not be dismissed, within 30 days of entry of the Order.  (Doc. 9).  More than 30 days has elapsed since entry of the Order to Show Cause and Plaintiff Ahlgrim has not provided the Court with a new

address, responded to the Court's Order, or otherwise shown cause why the case should not be dismissed.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules.  *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).  The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court.  D.N.M. LR-Civ. 83.6.  Plaintiff Ahlgrim has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's April 30, 2020 Order to Show Cause.

Plaintiff Ahlgrim has not complied with the Court's order and has failed to prosecute this action by not keeping the Court apprised of his current address.  The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003).  Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order and failure to prosecute this proceeding.

**IT IS ORDERED** that the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Dakota Clay Ahlgrim on June 27, 2019 (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Order and failure to prosecute.

_____
CHIEF UNITED STATES DISTRICT JUDGE